IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| YOLANDA C. GONZALES, Individually and as the Administrator of the Estate of Karen Marguerite Gonzales and Charles Gonzales,<br><br>　　　　Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　Defendant. | §§§§§§§§§§§§ | CIVIL ACTION NO. B-06-103 |

## OPINION & ORDER

BE IT REMEMBERED that on September 28, 2006, the Court **GRANTED** the United States' Rule 12(b)(1) Motion to Dismiss. Dkt. No. 6.

Plaintiff filed a complaint against the United States of America pursuant to the Federal Tort Claims Act (the "Act"). Dkt. No. 1; *see also* Dkt. Nos. 3, 4. As required by the Act, Plaintiff mailed her claim, on behalf of herself, Karen Marguerite Gonzales, and Charles Gonzales, to the United States Postal Service on January 10, 2006. See Dkt. No. 6, Ex. 1. This claim was received on January 17, 2006. *Id.* The record contains no indication that the USPS ever made a final disposition on the claim. Therefore, Plaintiff was required by the statute to wait until July 18, 2006 before she could deem the claim rejected. *See* 28 U.S.C. § 2675(a); Crack v. United States, 694 F.Supp. 1244, 1246–47 (E.D. Va. 1988).

Nonetheless, Plaintiff filed suit in this Court on June 21, 2006. Dkt. No. 1. In the complaint, Plaintiff avers that she has "satisfied and exhausted all private, judicial, and administrative responsibilities required to file suit by forwarding notice (Form 95) on the 10th day of January 2006" to the USPS. Dkt. No. 1, at 2–3; Dkt. No. 3, at 2–3; Dkt. No. 4, at 3. Plaintiff therefore asserts claims against the United States based on the alleged

negligence of a USPS employee. Dkt. No. 4, at 2, 3.

In response to Plaintiff's filing of this case, Defendant moved for dismissal of the case for lack of subject matter jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(1). Dkt. No. 6. Defendant argues that the Court does not have jurisdiction over the claim because Plaintiff failed to exhaust her administrative remedies before filing the case in federal court. *Id.* Defendant never responded to this motion, and the Court now deems her unopposed to it. *See* LOCAL RULE 7.4

The Court agrees with the Defendant. The USPS did not make a final disposition of her claim. Plaintiff did not wait until July 18, 2006 or later prior to filing her complaint. Thus, Plaintiff failed to exhaust her administrative remedies under the FTCA. 28 U.S.C. § 2675(a). Failure to exhaust those remedies creates a jurisdictional defect in the case. *See* McNeil v. United States, 508 U.S. 106, 111–13 (1993); Sparrow v. United States Postal Serv., 825 F.Supp. 252, 253 (E.D. Cal. 1993). Thus, the Court lacks subject matter jurisdiction over the case. *See McNeil*, 508 U.S. at 113. Furthermore, the filing of amendments to the complaint does not alter this conclusion. *See Sparrow*, 825 F.Supp. at 254, 255. Therefore, the Court lacks jurisdiction over this case, and the case must be dismissed.

Based on the foregoing, the Court **GRANTS** the United States' Rule 12(b)(1) Motion to Dismiss. Dkt. No. 6. Furthermore, the Court **DISMISSES** this case without prejudice.

DONE at Brownsville, Texas, this 28 day of September, 2006.

Hilda G. Tagle
United States District Judge